IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-753-D

| | | |
|---|---|---|
| VICTORIA S. SALLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BANK OF AMERICA, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

On October 28, 2013, Victoria S. Salley ("Salley" or "plaintiff"), who is proceeding pro se, filed a complaint against Bank of America, N.A. ("Bank of America"), Carrington Mortgage Services, LLC ("Carrington"), and the North Carolina Department of the Secretary of State ("NCSOS") (collectively, "defendants"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692–1692p, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961–1968, and "United States Acts," as well as "SEC violations," mail fraud, common-law fraud, trespass, conversion, unjust enrichment, and "illegal possession." See Compl. [D.E. 1].[1] Salley seeks $9,963,153.00 in damages. See id. 3.

In support of her claims, Salley's three-page complaint alleges only the following facts (at best). On or about March 23, 2007, Salley obtained a loan for the purchase of real property located at 110 Few Circle, Durham, North Carolina. Salley executed a promissory note ("the Note") and

---

[1] In the caption of her complaint, Salley also cites the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639. Salley's complaint, however, does not mention these statutes. Thus, Salley has not asserted any claim for relief pursuant to these statutes.

deed of trust ("the Deed") in favor of Bank of America, and Bank of America then securitized the Note. See Compl. 1–2; [D.E. 19-1] (copy of the Deed).[2] From Salley's other filings, the court gathers that Salley defaulted on her loan by September 2011, and that Bank of America foreclosed on her property in 2013. See Resp. Opp'n Mots. Dismiss [D.E. 30] 1–2.

On November 25, 2013, NCSOS moved to dismiss Salley's complaint based on Eleventh Amendment immunity and pursuant to Federal Rule of Civil Procedure 12(b)(6) [D.E.15]. On December 4, 2013, and December 23, 2013, respectively, Bank of America and Carrington moved to dismiss Salley's complaint pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6) [D.E. 18, 21]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Salley about the motions, the consequences of failing to respond, and the response deadlines [D.E. 17, 20]. On December 30, 2013, Salley filed a motion for extension of time to file a response to defendants' motions to dismiss [D.E. 23], which the court granted the next day [D.E. 24].

On January 27, 2014, Salley filed a motion for summary judgment [D.E. 25]. On January 30, 2014, Bank of America, Carrington, and NCSOS moved to stay certain pretrial deadlines, the discovery period, and the deadline to respond to Salley's motion for summary judgment pending a ruling on their motions to dismiss [D.E. 26]. On April 8, 2014, the court granted defendants' motion to stay [D.E. 31].

On February 10, 2014, Carrington moved to strike Salley's motion for summary judgment [D.E. 28]. On February 20, 2014, Salley filed additional evidence "pertinent to [her] case."

---

[2] Because the Deed is a public record, the court may consider it without converting defendants' motions to dismiss into motions for summary judgment. See, e.g., Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

2

[D.E. 29]. On February 27, 2014, Salley responded to defendants' motions to dismiss [D.E. 30]. Salley's response to defendants' motions to dismiss is identical to her motion for summary judgment.

As explained below, the court grants defendants' motions to dismiss [D.E. 15, 18, 21], denies Salley's motion for summary judgment [D.E. 25], and dismisses as moot Carrington's motion to strike [D.E. 28].

I.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79.

The legal sufficiency of a complaint depends, in part, on whether it meets the standards for a pleading stated in Federal Rules of Civil Procedure 8 and 9. See Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) aims to assure that the defendant has adequate notice of the nature of the claims against it. See, e.g., Francis, 588 F.3d at 192. Under Rule 9(b), a party who alleges fraud must go a step further: the party "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).

3

Specifically, the party must allege "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999) (quotation omitted); see McCauley v. Home Loan Inv. Bank, F.S.B., 710 F.3d 551, 559–60 (4th Cir. 2013); United States ex rel. Nathan v. Takeda Pharms. N. Am., 707 F.3d 451, 455–61 (4th Cir. 2013); Adkins v. Crown Auto, Inc., 488 F.3d 225, 231–32 (4th Cir. 2007); Dunn v. Borta, 369 F.3d 421, 426–34 (4th Cir. 2004); United States ex rel. Harrison v. Westinghouse Savannah River Co., 352 F.3d 908, 921–22 (4th Cir. 2003); Riggs v. Orkin, Inc., No. 7:11-CV-5-D, 2011 WL 2417016, at *3 (E.D.N.C. June 13, 2011) (unpublished).

As for a complaint's factual sufficiency, a party must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "[N]aked assertions of wrongdoing," devoid of "factual enhancement," cannot "cross the line between possibility and plausibility of entitlement to relief." Francis, 588 F.3d at 193 (quotations omitted). A plaintiff armed with nothing more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," cannot proceed into the litigation process. Twombly, 550 U.S. at 555 & n.3; see Francis, 588 F.3d at 193.

Although a court must liberally construe a pro se plaintiff's allegations, it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011); see Giarratano, 521 F.3d at 304 n.5. "The special judicial solicitude with which a district court should view . . . pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990) (quotation omitted). Every party—pro se or otherwise—must comply with the Federal Rules of Civil

4

Procedure. See Iqbal, 556 U.S. at 678; Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) (per curiam).

The court first addresses Bank of America's motion to dismiss [D.E. 18], which concerns counts one through seven of Salley's complaint. Salley alleges that Bank of America violated the FDCPA (four specific provisions) and RICO (generally), and committed "SEC violations," mail fraud, common-law fraud, trespass, conversion, unjust enrichment, and "illegal possession." Compl. 2. In support of these numerous claims, however, Salley fails to put Bank of America on reasonable notice of the substance of the dispute.[3] Specifically, in counts one through four, Salley alleges that Bank of America violated the FDCPA, but fails to identify a specific debt or any specific activities that Bank of America undertook to collect it. In count five, Salley alleges generally that Bank of America engaged in "RICO violations" and "SEC violations," but fails to identify the specific provisions of RICO and the Securities Exchange Act that Bank of America allegedly violated. Salley also alleges that Bank of America engaged in mail fraud and common-law fraud, but fails to give any details concerning the alleged fraud. Cf. Fed. R. Civ. P. 9(b). In counts six and seven, Salley alleges that Bank of America committed unjust enrichment, trespass, and conversion, but fails even to give "a formulaic recitation of the elements of [these] cause[s] of action." Twombly, 550 U.S. at 555. Salley also alleges that Bank of America engaged in "illegal possession," an unknown cause of action under North Carolina law. Finally, Salley directs her numerous allegations in counts one through seven at Bank of America and Carrington collectively. Salley, however, must distinguish

---

[3] To the extent Salley provides more factual information in her response in opposition to defendants' motions to dismiss [D.E. 30], Salley may not use her response to amend her complaint. See, e.g., Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984) (collecting cases); Ward v. Coastal Carolina Health Care, P.A., 597 F. Supp. 2d 567, 573 (E.D.N.C. 2009).

5

between the two defendants to state a claim against either one of them. See, e.g., Southland Sec. Corp. v. INSpire Ins. Solutions Inc., 365 F.3d 353, 365 (5th Cir. 2004); Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam); Banks v. Bosch Rexroth Corp., Civil Action No. 5:12-345-DCR, 2014 WL 868118, at *7 (E.D. Ky. Mar. 5, 2014) (unpublished); Chandler v. Volunteers of Am., Se., Inc., Civil Action No. CV-12-S-3701-NW, 2013 WL 4058078, at *3 (N.D. Ala. Aug. 12, 2013) (unpublished). In sum, Salley's complaint falls far short of meeting the pleading standards in Rules 8 and 9. Accordingly, the court grants Bank of America's motion to dismiss [D.E. 18] and dismisses the complaint against Bank of America without prejudice.

Alternatively, even if Salley's complaint did meet the pleading requirements of Rules 8(a) and 9(b), her allegations fail to state a claim against Bank of America upon which relief can be granted. In counts one through four, Salley alleges that Bank of America violated sections 1692g, 1692e, 1692f, and 1692a(6) of the FDCPA. To state a claim under the FDCPA, Salley must plausibly allege that (1) she was the object of collection activity arising from a "consumer debt" as defined by the FDCPA, (2) Bank of America is a "debt collector" as defined by the FDCPA, and (3) Bank of America engaged in an act or omission prohibited by the FDCPA. See, e.g., Boosahda v. Providence Dane LLC, 462 F. App'x 331, 333 n.3 (4th Cir. 2012) (per curiam) (unpublished); Johnson, 867 F. Supp. 2d at 776. Salley's FDCPA claims fail because Bank of America, as the originator of Salley's mortgage loan, is not a "debt collector" subject to liability under the FDCPA. [D.E. 19] Ex. A; see 15 U.S.C. § 1692a(6) ("The term 'debt collector' means any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." (emphasis added)); id. § 1692a(6)(F) ("The term ['debt collector'] does not include . . . any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such

6

person . . . ."); Wilson v. Draper & Goldberg, P.L.L.C., 443 F.3d 373, 379 n.2 (4th Cir. 2006); Nielsen v. Dickerson, 307 F.3d 623, 634 (7th Cir. 2002); Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985); Scott v. Wells Fargo Home Mortg. Inc., 326 F. Supp. 2d 709, 717 (E.D. Va. 2003).

In count five, Salley alleges that Bank of America engaged in "RICO violations" and "SEC violations" based on the "illegal securitization" of the Note. Compl. 2. Salley's allegations suffer from at least three fatal flaws. First, assuming that Bank of America securitized the Note, such securitization is lawful under the Deed, which contemplates future transfers or assignments. See [D.E. 19-1] 13. Moreover, to the extent Salley claims that Bank of America's securitization of the Note relieved her of her obligation to pay on it, courts have "consistently rejected" this claim. Porterfield v. JP Morgan Chase Bank, Nat'l Ass'n, No. 4:13-CV-00128-BO, 2013 WL 5755499, at *5 (E.D.N.C. Oct. 23, 2013) (unpublished) (quotation omitted) (collecting cases); see, e.g., Zapata v. Wells Fargo Bank, N.A., No. C 13-04288 WHA, 2013 WL 6491377, at *1-2 (N.D. Cal. Dec. 10, 2013) (unpublished) (rejecting plaintiffs' "attempt to avoid foreclosure by attacking the mortgage securitization process"); Bhatti v. Guild Mortg. Co., No. C11-0480JLR, 2011 WL 6300229, at *5 (W.D. Wash. Dec. 16, 2011) (unpublished) ("Securitization merely creates a separate contract, distinct from the Plaintiffs' debt obligations under the Note, and does not change the relationship of the parties in any way."). Second, Salley fails to state a federal civil RICO claim because she has not plausibly alleged that Bank of America engaged in a "pattern of racketeering activity," an "essential element in any RICO action." Menasco, Inc. v. Wasserman, 886 F.2d 681, 683 (4th Cir. 1989); see 18 U.S.C. §§ 1961(5), 1962; Traber v. Mortg. Elec. Registration Sys., Inc., No. 1:11cv126, 2012 WL 4088865, at *4-5 (W.D.N.C. Aug. 6, 2012) (unpublished), memorandum and recommendation affirmed, 2012 WL 4089282, at *1 (W.D.N.C. Sept. 17, 2012) (unpublished).

7

Rather, Salley's allegations "center[] on a single business relationship which involved only one alleged victim," and "[t]his type of alleged conduct . . . [does not] serve to justify the imposition of the enhanced penalties allowed under the RICO Act." Am. Bankers Ins. Co. of Fla., Inc. v. First Union Nat'l Bank of N.C., 699 F. Supp. 1174, 1177–78 (E.D.N.C. 1988); see Menasco, Inc., 886 F.2d at 683. Finally, Salley fails to state a claim for "SEC violations" because there is no recognized cause of action for general SEC violations.

In count five, Salley also alleges that Bank of America "failed to disclose a monetary gain to [her][,] resulting in unjust enrichment[,] mail fraud[,] and fraud." Compl. 2. As for Salley's mail-fraud claim, there is no private cause of action for violations of the federal mail-fraud statute, 18 U.S.C. § 1341. A plaintiff may enforce the federal mail-fraud statute only through a civil RICO action. See, e.g., Ayres v. Gen. Motors Corp., 234 F.3d 514, 519 n.8 (11th Cir. 2000); Official Publ'ns, Inc. v. Kable News Co., 884 F.2d 664, 667 (2d Cir. 1989); Laupot v. Berley, 865 F.2d 255, 1988 WL 131819, at *1 (4th Cir. 1988) (per curiam) (unpublished table decision). Salley, however, fails to state a federal civil RICO claim against Bank of America because she has not plausibly alleged that Bank of America engaged in a "pattern of racketeering activity." Moreover, even if Salley had plausibly alleged that Bank of America committed two or more acts of mail fraud (she has not), the Fourth Circuit counsels "cautio[n] about basing a RICO claim on predicate acts of mail and wire fraud because it will be the unusual fraud that does not enlist the mails and wires in its service at least twice." Al–Abood ex rel. Al–Abood v. El–Shamiri, 217 F.3d 225, 238 (4th Cir. 2000) (quotations omitted). As for Salley's common-law fraud claim, Salley fails not only to plead fraud with particularity, but also to plausibly allege any of the essential elements of fraud under North Carolina law. See, e.g., Terry v. Terry, 302 N.C. 77, 83, 273 S.E.2d 674, 677 (1981). Similarly, Salley fails to state an unjust-enrichment claim because she does not plausibly allege any

8

of the essential elements of that claim under North Carolina law. See, e.g., JPMorgan Chase Bank, Nat'l Ass'n v. Browning, 750 S.E.2d 555, 559 (N.C. Ct. App. 2013).

Finally, in counts six and seven, Salley purports to state claims for trespass, conversion, unjust enrichment, and "illegal possession" against Bank of America. Compl. 2. As discussed, there is no cause of action for "illegal possession" under North Carolina law. Salley fails to state claims for trespass, conversion, and unjust enrichment because Salley does not plausibly allege any of the essential elements of those claims under North Carolina law. See, e.g., Singleton v. Haywood Elec. Membership Corp., 357 N.C. 623, 627, 588 S.E.2d 871, 874 (2003) (trespass); Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC, 365 N.C. 520, 523, 723 S.E.2d 744, 747 (2012) (conversion); Browning, 750 S.E.2d at 559 (unjust enrichment).

As for Carrington's motion to dismiss [D.E. 21], Salley's allegations against Carrington are identical to the ones she makes against Bank of America. See Compl. 2. Thus, Salley's allegations against Carrington also do not meet the pleading standards in Rules 8 and 9. Alternatively, Salley fails to state a claim against Carrington upon which relief can be granted. As for counts one through four, Salley has failed to plausibly allege the essential elements of an FDCPA claim against Carrington. See, e.g., Boosahda, 462 F. App'x at 333 n.3; Johnson, 867 F. Supp. 2d at 776. Assuming without deciding that Carrington is a "debt collector" subject to liability under the FDCPA, Salley's claims fail because she does not identify a specific debt or any specific activities Carrington took to collect it. See Compl. 2.[4] As for counts five through seven, these claims fail for

---

[4] Whether a mortgage servicing company is a "debt collector" subject to liability under the FDCPA turns on when it took the mortgage for servicing. If the mortgage servicing company took the mortgage for servicing before default, it is not a "debt collector." In contrast, if the mortgage servicing company took the mortgage for servicing after default, it is a "debt collector." See 15 U.S.C. § 1692a(6)(F)(iii); see, e.g., Schlosser v. Fairbanks Capital Corp., 323 F.3d 534, 536 (7th Cir. 2003) (collecting cases). Unlike Bank of America, Carrington does not argue that it is not a "debt

9

the same reasons the court discussed in evaluating Bank of America's motion to dismiss. Accordingly, the court grants Carrington's motion to dismiss [D.E. 21] and dismisses the complaint against Carrington without prejudice.

As for NCSOS's motion to dismiss [D.E. 15], the Eleventh Amendment bars federal lawsuits for damages against a state and its agencies, unless the state has waived its sovereign immunity or Congress has abrogated that immunity. See U.S. Const. amend. XI; Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 72–73 (2000); Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989); Edelman v. Jordan, 415 U.S. 651, 663 (1974); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479 (4th Cir. 2005). NCSOS is an agency of the State of North Carolina, and Salley has not plausibly alleged that North Carolina has waived its sovereign immunity and consented to this suit or that Congress has abrogated the state's immunity. Thus, the court grants NCSOS's motion to dismiss [D.E. 15] and dismisses the complaint against NCSOS with prejudice.

Alternatively, the court grants NCSOS's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In its entirety, Salley's sole claim against NCSOS reads: "Beginning on or about September 6, 2013[,] North Carolina Department of the Secretary of State violated United States Acts by refusing to set the Record by way of a pecuniary interest after receiving lawful money at the Division of Cash Management." Compl. 2. Salley does not even seek a remedy against NCSOS. See id. 2–3. Salley's vague allegations against NCSOS are insufficient to state a claim upon which relief can be granted.

---

collector." See [D.E. 22] 9. Thus, the court assumes without deciding that Carrington took Salley's mortgage for servicing after default and is a "debt collector." Salley's deficient complaint gives no facts from which the court can discern Carrington's role in the dispute.

10

Finally, in light of its rulings on defendants' motions to dismiss, the court denies Salley's motion for summary judgment [D.E. 25], and dismisses as moot Carrington's motion to strike [D.E. 28].

II.

In sum, the court GRANTS defendants' motions to dismiss [D.E. 15, 18, 21], DISMISSES WITHOUT PREJUDICE the complaint against Bank of America and Carrington, and DISMISSES WITH PREJUDICE the complaint against NCSOS. The court also DENIES Salley's motion for summary judgment [D.E. 25], and DISMISSES AS MOOT Carrington's motion to strike [D.E. 28].

SO ORDERED. This 18 day of June 2014.

JAMES C. DEVER III
Chief United States District Judge